**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | PHYLLIS R. BOWEN | : | Chapter 7 |
| | | : | |
| | Debtor(s) | : | Bky. No. 06-12563ELF |

# O R D E R

  **AND NOW,** upon consideration of the Motion of Gary F. Seitz, Trustee ("the Trustee") for Authority to Sell Property of the Debtor Free and Clear of Liens and to Pay Closing Costs and the Real Estate Broker ("the Motion"), and the Debtor's response thereto;

  **AND**, the court having held an evidentiary hearing on November 26, 2008;

  **AND**, based on the evidentiary record, the court finding that:

### A.

1. Debtor filed the above chapter 7 bankruptcy case on June 22, 2006.

2. The Debtor owns the real property located at 113 Shady Lane, Lansdale, PA 19446 ("the Property") jointly with Mr. Bowen.

3. Mr. Bowen is the Debtor's adult son.

4. Mr. Bowen resides in the Property with the Debtor.

5. The Debtor listed Mr. Bowen as a co-debtor on Schedule H of her bankruptcy schedules, but in so listing him, did not provide Mr. Bowen's mailing address. See Debtor's Schedules, Exhibit T-5.

6. Mr. Bowen's name is included on the mailing matrix filed with the court ("the Matrix"), but the listing lacks a mailing address. Id.; see also Docket Entry No. 1.

7. Due to the lack of an address on the Matrix, Mr. Bowen has not been served with various orders of the court in this bankruptcy case, including:

   a. the Order dated April 11, 2008 approving a settlement between the Trustee and Bank of America ("BOA") in connection with BOA's motion for relief from the automatic stay, <u>see</u> Docket Entry No. 67.

   b. the Order dated May 2, 2008 approving a settlement between the Trustee and Bank of America ("BOA") in connection with BOA's motion for relief from the automatic stay, <u>see</u> Docket Entry No. 75.

   c. the Order dated May 8, 2008 authorizing the Trustee to retain Dina Rovner and the firm of Keller Williams as his real estate broker, <u>see</u> Docket Entry No. 77 (also in the record as Exhibit T-6).

**B.**

8. The Trustee filed the Motion on November 2, 2008.

9. In the Motion, pursuant to 11 U.S.C. §363(h), the Trustee seeks approval for the sale of both the bankruptcy estate's interest and Mr. Bowen's interest in the Property.

10. Under Fed. R. Bankr. P. 6004, the Trustee was obliged to serve the Motion on all parties holding an interest in the Property which, in this case, includes Mr. Bowen.

11. The Trustee served the Motion and the Notice of Motion by electronic means pursuant to L.B.R. 5005 and Paragraphs 2.c. of this Court's Standing Order, Misc. No. 03-3005, dated April 1, 2003, and upon those parties listed in the Matrix, via first class United States mail. <u>See</u> Docket Entry No. 82.

12. By relying upon the Matrix to make service, the Trustee could not have mailed a copy of the Motion and Notice of Motion to Mr. Bowen at his "dwelling house or usual place of abode." Fed. R. Bankr. P. 7004(b)(1) because the Matrix does not include Mr. Bowen's residence

address..

13. Mr. Bowen was not served with a copy of the Motion and Notice of Motion by either electronic means or by first class mail.

14. The Trustee did not serve the Motion on Mr. Bowen in accordance with Fed. R. Bankr. P. 6004, 9014(b) and 7004(b).

## C.

15. By Order dated February 28, 2008 (Docket Entry No. 37), the court approved a Settlement Agreement (Docket Entry No. 32, Exhibit "A") by and among the Trustee, the Debtor and Mr. Bowen.

16. Pursuant to the Settlement Agreement, the Debtor agreed to pay the bankruptcy estate $20,000.00 in instalment payments, with interest, to be memorialized in a note secured by a mortgage against the Property.

17. Thereafter, the Debtor executed a note (Exhibit T-9) and both the Debtor and Mr. Bowen executed a mortgage against the Property (Exhibit T-10).

18. Paragraph 15 of the Settlement Agreement provides:

> Except for the performance of [the Debtor's] obligations under the Settlement Agreement, the Trustee and the Bankruptcy Estate hereby releases [sic] [the Debtor] and Phillip Bowen, their respective agents, employees, heirs, successors, assigns officers, directors and employees from any and all claims which either the Trustee or the Bankruptcy Estate has [sic] or may have against them which are or could be the subject of this proceeding.

19. Through Paragraph 15 of the Settlement Agreement, the Trustee released the Debtor and Mr. Bowen from any right of the bankruptcy estate to subject the Property to sale based on the

exercise of the Trustee's powers under 11 U.S.C. §363.

20. Regardless whether the Debtor subsequently waived her rights under Paragraph 15 of the Settlement Agreement,[1] Mr. Bowen has not waived his rights under Paragraph 15.[2]

---

[1] The Trustee contends that, in 2008, the Debtor waived her rights under Paragraph 15 either by express agreement made through her attorney, or by conduct, or by application of the doctrine of equitable estoppel (referred to by the Trustee as detrimental reliance). I need not decide this issue because I resolve this contested matter on other grounds.

[2] The Trustee contends that Mr. Bowen also waived his rights under Paragraph 15 of the Settlement Agreement in 2008. The Trustee invokes the doctrine of "apparent authority." The Trustee asserts that, based on representations made to the Trustee by the Debtor's prior counsel (William D. Schroeder, Jr.) the Trustee reasonably concluded that Mr. Bowen, like the Debtor, consented to the Trustee's sale of the Property as a part of a cooperative effort among the Debtor, Mr. Bowen and the Trustee to prevent the loss of the existing equity in the Property that would likely occur in the event of a foreclosure by BOA.

For several reasons, I am unpersuaded by the Trustee's argument.

First, it is undisputed that Mr. Schroeder never formally entered his appearance on Mr. Bowen's behalf in the bankruptcy case and never expressly communicated to the Trustee that he was retained as Mr. Bowen's attorney. Second, I cannot find that Mr. Schroeder was acting as Mr. Bowen's attorney in 2007. Although Mr. Schroeder undertook to obtain Mr. Bowen's signature on the Settlement Agreement, Mr. Bowen came to Mr. Schroeder's office to sign the Settlement Agreement and Mr. Schroeder delivered the Settlement Agreement to the Trustee, those facts, by themselves, do not convince me that the Trustee could reasonably conclude that Mr. Schroeder was acting as Mr. Bowen's attorney in 2007. Third, whatever the precise content of the conversations the Trustee had with Mr. Schroeder in 2008 regarding a sale of the Property despite the Trustee's relinquishment of that power in Paragraph 15 of the Settlement Agreement, I find it significant that these conversations occurred more than one (1) year after the execution and delivery of the Settlement Agreement. Even if Mr. Schroeder were representing Mr. Bowen in 2007, given the passage of that amount of time, it was not reasonable for the Trustee to conclude that Mr. Schroeder continued to act as Mr. Bowen's attorney in 2008 – at least without some further communication or conduct conveying that such a relationship existed. Finally, and perhaps most importantly, the doctrine of apparent authority, when applicable, serves to bind a principal (here, Mr. Bowen) to the actions of a putative agent (here, Mr. Schroeder) where the conduct of the principal causes a third party to believe that an agent has authority to bind the principal. E.g. In re Color Tile, Inc., 475 F.3d 508, 514 n.2 (2007). In other words, "apparent authority flows from the conduct of the principal and not from that of the agent." D & G Equipment Co., Inc. v. First Nat. Bank of Greencastle, 764 F.2d 950, 954 (3d Cir. 1985) (applying Pennsylvania law); accord Mercy Catholic Medical Center v. Thompson, 380 F.3d 142, 161 (3d Cir. 2004) (apparent authority "results from a manifestation by a person that another is his agent") (quoting Restatement (Second) of Agency §8 (1958)). On this record, I am unwilling to conclude that Mr. Bowen took any action that would permit the Trustee to reasonably conclude that Mr. Schroeder was acting as his attorney. Therefore, I cannot

*  *  *

**AND**, based on the findings set forth in Parts A. and B. above, the court concluding that it lacks personal jurisdiction over Mr. Bowen who, as the co-owner of the Property, is a necessary party in a contested matter arising under 11 U.S.C. §363(h);

**AND**, in the alternative, based on the findings set forth in Parts A., B. and C. above, the court concluding that Mr. Bowen has a valid defense to the Motion under Paragraph 15 of the Settlement Agreement and that therefore, the Trustee may not sell Mr. Bowen's interest in the Property under 11 U.S.C. §363(h);[3]

---

conclude that Mr. Bowen waived his rights under Paragraph 15 and authorized the Trustee to invoke his powers under §363 to sell the Property.

      All of that said, none of these findings are intended to express or imply any criticism of the Trustee. He has been diligent and creative in his efforts to protect the interests of the bankruptcy estate. However, the joint ownership of the Property in this case, combined with the prior Settlement Agreement, required the Trustee to act with a higher degree of formality than occurred here in order to memorialize the agreement the Trustee believed he had made in 2008 to resuscitate his §363 powers.

[3]      Although he was not properly served, Mr. Bowen appeared at the hearing without representation and testified on behalf of the Debtor. Later during the course of the hearing, he requested permission to address the court on his own behalf. That request was granted. Arguably, by speaking on his own behalf at the hearing, Mr. Bowen "appeared" in the case, submitted to the jurisdiction of the court and waived any defects in service of process. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-704, 102 S. Ct. 2099, 2104 - 2105 (1982). But see Paul Yanuzzi Builders, LLC, 2003 WL 925368 (E.D. Pa. Feb. 28, 2003) (participation in discovery process not a waiver of defense of lack of personal jurisdiction). Because there is at least some uncertainty whether Mr. Bowen submitted to the jurisdiction of the court, as an alternative basis for my ruling, I reach the merits of the issue whether the Trustee has the authority under 11 U.S.C. §362(h) to sell the interest of the non-debtor, co-owner.

It is hereby **ORDERED** that the Motion is **DENIED**.

Date:   <u>December 1, 2008</u>

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**